**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**IAN MORRIS and SUSAN MORRIS,**

    **Plaintiffs,**

**v.**                                                       **Case No.: 6:09-cv-1624-Orl-35-DAB**

**BUENA VISTA CORPORATION, SHAM
MAHARAJ, AND MACANTHONY REALTY
INTERNATIONAL, INC.,**

    **Defendants.**
_____/

**ORDER**

    **THIS CAUSE** comes before the Court for consideration of the Joint Motion to Require Reimbursement of Mediation Expenses from Defendants Buena Vista Corporation ("BVC") and Sham Maharaj ("Maharaj"), filed by Plaintiffs and Defendant Mac Anthony Realty International, Inc. ("MRI"). (Dkt. 70) On March 31, 2011, United States Magistrate Judge David A Baker issued a Report and Recommendation, recommending that the motion be granted in part. (Dkt. 77) No objection was filed to the Report and Recommendation, and the deadline to do so has passed.

    In the Eleventh Circuit, a district judge may accept, reject or modify the magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); see Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to

1

those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)).  In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo* and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C); see Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

Under the federal rules, a district court, on motion or *sua sponte*, may strike pleadings in whole or in part and/or enter a default in the case if a party or its attorney:

> (A)  [F]ails to appear at a scheduling or other pretrial conference;
>
> (B)  [I]s substantially unprepared to participate—or does not participate in good faith—in the conference; or
>
> (C)  [F]ails to obey a scheduling or other pretrial order.

FED. R. CIV. P. 16(f)(1)(A)-(C).  A district court may impose other sanctions—including monetary sanctions—for the purpose of punishing either the lawyers or parties for egregious behavior. See Rasmussen v. Cent. Fla. Council BSA, Inc., No. 10-12238, 2011 U.S. App. LEXIS 2135, at *1-2 (11th Cir. Feb. 2, 2011); see also FED. R. CIV. P. 16(f) and 37; LOCAL RULES 9.05(c), (e).

A review of the record reveals that a default was entered against Defendant BVC on January 11, 2011.  See (Dkt. 66)  Upon review of this record, the Court adopts Magistrate Judge Baker's conclusions concerning Defendant Maharaj and finds that imposing sanctions against the defendant is wholly appropriate.  Accordingly, the Court hereby strikes Defendant Maharaj's Answer to the Complaint (Dkt. 48) and directs the

clerk to enter a default against the defendant for a "[failure] to plead or otherwise defend." FED. R. CIV. P. 55(a).

Upon consideration of the Report and Recommendation, in conjunction with an independent examination of the file, the Court hereby **ORDERS** that:

1. The Report and Recommendation (Dkt. 77) is **CONFIRMED** and **ADOPTED** as part of this Order.

2. The Joint Motion for Reimbursement for Mediation Expenses (Dkt. 70) is **GRANTED in part**.

3. Defendant Maharaj's Answer to the Complaint (Dkt. 48) is **STRICKEN**.

4. The **CLERK** is directed to enter a **DEFAULT** against Defendant Maharaj, pursuant to FED. R. CIV. P. 55(a), for failure to comply with local and federal rules and the Orders of the Court, and abandonment of his defense.

5. Plaintiffs shall have **up to and including 14 days from the entry of the Clerk's default** to move for entry of a default judgment, which may include a portion of the mediation fees as part of the costs.

**DONE** and **ORDERED** in Orlando, Florida, this 10th day of May 2011.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Party